UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT DEJESUS,                       :

    Plaintiff,                    :
                                                      PRISONER
V.                                    :    CASE NO. 3:10-CV-564(RNC)

STATE OF CONNECTICUT                  :
DEPT. OF CORRECTION, ET AL.,          :

    Defendants.                   :

ORDER

Plaintiff, a Connecticut inmate proceeding pro se and in forma pauperis, brings this action under 42 U.S.C. § 1983 against the Department of Correction ("DOC"), Commissioner Brian Murphy, Warden Peter Murphy and Correction Officer Harris. Under 28 U.S.C. § 1915A, the Court is required to review the complaint and dismiss any part of it that fails to state a claim on which relief can be granted.

Plaintiff alleges that Officer Harris, a female guard, approached his cell while he was using the toilet and ordered him to remove an "object" he was using to cover his naked body. His cellmate was present at the time. Plaintiff seeks money damages on the ground that Officer Harris invaded his privacy in violation of his rights under the Fourth Amendment.

The Second Circuit has indicated that inmates retain a limited Fourth Amendment right not to be viewed naked by members of the opposite sex who are employed as prison guards. See Covino v. Patrissi, 967 F.2d 73, 78 (2d Cir. 1992)(citing with

approval case suggesting that inmates retain such a right). Accordingly, the allegations of the complaint are sufficient to state a claim against Officer Harris in her individual capacity. The complaint is insufficient to state a claim for relief against the other defendants, however. It does not allege that Commissioner Murphy or Warden Murphy caused Officer Harris's allegedly unlawful conduct. See Rizzo v. Goode, 423 U.S. 362 (1976)(superior officer is not subject to liability under § 1983 merely because of authority to control subordinate). And the DOC is not subject to suit for money damages under § 1983. See Will v. Michigan Department of State Police, 491 U.S. 58 (1989)(state agencies are not "persons" within the meaning of the statute).

## ORDERS

In accordance with the foregoing, it is hereby ordered:

(1) All claims against Commissioner Murphy, Warden Murphy and the DOC are dismissed pursuant to 28 U.S.C. § 1915A. Any claim against defendant Harris in her official capacity also is dismissed. The case will proceed only against defendant Harris and only in her individual capacity.

(2) Within fourteen days of this Order, the Pro Se Litigation Office will contact the Department of Correction Office of Legal Affairs to obtain the current work address for Officer Harris and will mail a waiver of service of process

request packet to her at that address. On the thirty-fifth day after the mailing, the Pro Se Office will report to the Court on the status of this waiver request. If Officer Harris fails to return the waiver request, the Clerk will make arrangements for service by the U.S. Marshal. In that event, Officer Harris will be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) The Pro Se Prisoner Litigation Office will send a courtesy copy of the complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(4) The Pro Se Prisoner Litigation Office will send written notice to the plaintiff of the status of this action, along with a copy of this order.

(5) Officer Harris will file her response to the complaint, either an answer or motion to dismiss, within seventy days from the date of this order. If she chooses to file an answer, she will admit or deny the allegations and respond to the cognizable claims recited above. She may also include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, will be completed within seven months (210 days) from the date of this order. Discovery requests need not be filed with the Court.

(7) All motions for summary judgment will be filed within eight months (240 days) from the date of this order.

(8) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one days of the date the motion is filed.  If no response is filed, or the response is not timely, the dispositive motion may be granted in the absence of objection.

So ordered this 11th day of August 2010.

                                                             /s/RNC
                                 Robert N. Chatigny, U.S.D.J.